UNITED STATES BANKRUPTCY COURT
SOUTHEASTERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | |
| | : | |
| Jessica Lee Allen | : | |
| | : | Case No. 11-62470 |
| | : | Chapter 13 |
| Debtor(s). | : | Judge K. Preston |

### RESPONSE OF STATE OF OHIO, DEPARTMENT OF TAXATION TO MOTION TO AVOID LIENS
(Rel. Doc #32)

Now comes the State of Ohio, Department of Taxation ("Tax"), by and through its Special Counsel, Rasheda D. Hansard and responds to the Debtor's Motion to Avoid the Liens of Tax. Tax submits that the following liens: 11 JG 01 02725 and 11 JG 08 33055 filed in Franklin County, Ohio are not subject to avoidance because the liens are statutory in nature and not subject to the lien avoidance provisions of 11 U.S.C. §522(f). In response to Debtors' Motion, Tax submits the following Memorandum in Support.

Respectfully submitted,

/s/ Rasheda D. Hansard
Rasheda D. Hansard (0083212)
Special Counsel to Mike DeWine
Attorney General of Ohio
399 East Main Street, Suite 200
Columbus, Ohio  43215-5384
Phone: (614) 221-9500/ Fax:(614) 621-1115

1

## Statement of Facts

Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on December 16, 2011. The petition provides for debts owed to Tax on Schedule D of the petition. The Proof of Claim for Tax liabilities was filed April 30, 2012. On September 24, 2012, Debtor filed the instant Motion seeking to avoid the aforementioned Tax liens.

## Argument of Law

**A. FIRST ARGUMENT: TAX LIENS ARE NOT SUBJECT TO LIEN AVOIDANCE. THE BANKRUPTCY CODE SPECIFICALLY PROVIDES A DEBTOR MAY ONLY AVOID JUDICIAL LIENS PURSUANT TO §522(f)(1)(A). THEREFORE, DEBTOR MAY NOT AVOID THE STATUTORY LIENS FOR TAXES IN THE INSTANT CASE.**

The Bankruptcy Code explicitly prohibits the action sought by the Debtor. The liens at issue are not subject to lien avoidance. Pursuant to section 522(f)(1)(A) of the Bankruptcy Code which specifically provides "notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such a lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is …(A) a *judicial lien* (italics added), other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5) (domestic support obligation). In a 2000 case, The United States Bankruptcy Court for the Northern District of Ohio held the language of §522(f)(1)(A) is limited to avoidance of judicial liens. *In re Weaver*, 248 B.R. 106, 111 (N.D. Ohio Bankr. 2000). Accordingly, the Bankruptcy Code provides for the avoidance of judicial liens alone, so the Debtor would not be able to avoid the liens at issue.

Liens filed by the State of Ohio for Tax typically appear in the applicable County Recorder's Office as Certificates of Judgment. However, the liens do not meet the definition of a judicial lien because they arise by force of statute. Pursuant to 11 U.S.C. §101(53), a statutory

2

lien is one arising solely by force of a statute under specified circumstances or conditions. Therefore, §522(f)(1)(A) lien avoidance is applicable to judicial liens, not the statutory liens at issue. In Ohio, Tax liens are recorded with the Clerk of Courts in the applicable county. Such liens are not the result of judicial action but are statutory in nature. Ohio Revised Code (hereinafter "ORC") §§131.02(F)(3)(b )and 5747.13(C).

### B. SECOND ARGUMENT: THE ACTION SOUGHT BY THE DEBTORS' IS SPECIFICALLY EXCLUDED BY THE CODE PURSUANT TO 11 U.S.C. § 522 (c)(2)(B).

Tax liens are specifically excluded for lien avoidance pursuant to 11 U.S.C. § 522 (c)(2)(B). The Code specifically provides "unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before commencement of the case, except… (2) a debt secured by a lien that is…(B) *a tax lien,* notice of which is properly filed." Accordingly, the Bankruptcy Code has explicitly prohibited the action sought by the Debtor. Tax liens are the type of lien that the Bankruptcy Code excludes from avoidance.

**WHEREFORE**, Tax respectfully requests this Court not render the Tax lien avoided because such action is in contravention of 11 U.S.C. § 522(f)(1)(A) and specifically prohibited by the Code pursuant to §522(c)(2)(B). Therefore, Tax respectfully requests that its lien is not avoided and for such other relief that the Court finds just and equitable.

Respectfully submitted,

/s/ Rasheda D. Hansard
Rasheda D. Hansard (0083212)
Special Counsel to Mike DeWine
Attorney General of Ohio
399 East Main Street, Suite 200
Columbus, Ohio  43215-5384
Phone: (614) 221-9500/ Fax:(614) 621-1115

3

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that a true and accurate copy of the foregoing **Response** was served upon the following by ordinary First Class U. S. Mail, postage pre-paid and or by electronic filing as set forth in the Notice of Electronic Filing for Case No.11-62470 on the 3rd of October, 2012, on the parties named below:

**Electronic Service:**
Office of the United States Trustee
Frank M. Pees, Chapter 13 Trustee
Sondra O. Bryson, Esq.

**US Mail Service:**
Edward Bailey, 2450 Edison Blvd., Twinburg, Ohio 44087
Jessica Lee Allen, 6504 Crab Apple Drive, Canal Winchester, Ohio 43110

                                            /s/ Rasheda D. Hansard
                                            Rasheda D. Hansard (0083212)